LAZARUS v. McCARTHY, United States Marshal, et al.

(Supreme Court, Special Term, New York County.　December 21, 1894.)

CONFLICTING STATE AND FEDERAL JURISDICTION — CUSTODY OF PROPERTY.

> An order of a federal court directing the marshal to "forthwith deliver" to a certain claimant property then under attachment in an action pending in such court operates instantly on the property, and from that time it is subject to the process of the state courts, though the marshal had not made an actual or constructive delivery under the order.

At chambers.　Action by Isidor Lazarus against John McCarthy, United States marshal for the Second district of New York, and others.　Defendant Daniels moves to vacate a levy on certain property.　Denied.

Abram Kling, for plaintiff.

Holmes & Adams, for defendants.

PATTERSON, J.　This is an application on behalf of the defendant Daniels, who appears by attorneys specially for the purpose of this motion, to vacate a levy made by a coroner of the city and county of New York under a writ of replevin issued in this action, and the precise ground upon which the motion is made is that at the time of the levy the property was in the custody of the defendant McCarthy, United States marshal for the Southern district of New York, and hence in the custody of the United States circuit court within that district.　The application is made solely to vacate the levy under the writ, and to require the coroner to deliver up the goods and chattels seized by him.　It appears from the moving papers that in October, 1894, an attachment was issued from the supreme court of the state of New York against the Whitman Shoe Company, a foreign corporation, at the suit of one Herbert Lefavour. That corporation had made an assignment for the benefit of creditors to William H. Daniels, who filed a claim to the property attached; and on the 10th of November, 1894, the action was removed by due proceedings into the circuit court of the United States.　That removal carried with it all the interlocutory proceedings and provisional remedies in the action; and on the 16th of November, 1894, the United States marshal was instructed by the judge of the circuit court to take all the attached property into his possession, which, it seems, was done.　On the 20th of November, 1894, this plaintiff, Lazarus, began this action in replevin, and a writ was issued to the coroner, who seized the property under that writ.　On the same day, and, as it is admitted, at 15 minutes past 1 o'clock in the afternoon, the United States circuit court judge made an order respecting the property, which had passed into the actual possession of the United States marshal, which order contains the following provision:

> "It is ordered that the United States marshal for the Southern district of New York forthwith deliver to William H. Daniels, or his attorneys or agent, all the goods, chattels, and effects, merchandise, furniture, or office fixtures, books, books of accounts, and accounts, and choses in action, and all other property whatsoever, taken and held under and pursuant to the writ of attachment herein issued. and dated October 31, 1894."

This order was made on the return of an order to show cause, and appears to have been granted after a hearing. The single question now presented for determination is whether the property was so situated that it was the subject of levy by the coroner under the replevin process issued in this action. The levy complained of was made after the order of the United States court of November 20th was passed. If that property were in the custody of the United States circuit court in such a sense that that court had and maintained jurisdiction over it, the process of the state court would be ineffectual to take it from the possession of the United States marshal. Freeman v. Howe, 24 How. 450. But I am of the opinion that the property was not in the custody of the law in any such sense as would indicate that the federal tribunal had, through its officer, that possession which placed the property beyond the reach of process of the state court. In Buck v. Colbath, 3 Wall. 335, the Freeman Case is discussed, and its conclusions reasserted; but the court remarked that the principle had its limitations, and that whenever the litigation is ended, or the possession of the officer or the court is discharged, other courts are at liberty to deal with it (the property) according to the rights of the parties before them, whether those rights require them to take possession of the property or not. In the case at bar, to all intents and purposes, the jurisdiction and custody of the federal court had determined. The property had been claimed by a particular individual, and its possession from the United States marshal had been demanded, and that possession had been awarded to the party applying for it. The order of the court had been made. The possession of the United States marshal ceased to be the possession of the court under the attachment process and under the order of removal. The contest over the res was ended. The court's possession had been turned into a mere technical holding by its officer for the purposes of delivery to the applicant, Daniels. The marshal was commanded by the order of the court forthwith to surrender that possession to Daniels. So far as the United States court was concerned, Daniels' right to the exclusive possession of the property was fully recognized, and all that remained was that the officer of the United States was to deliver physical possession of the property to Daniels.

It is claimed, however, by the counsel for the moving party, that, until there was an actual or symbolical delivery of the property directly to Daniels, it still remained in the custody of the law, and simply for the reason that it still remained in the hands of the person who was the United States marshal, and under an unexecuted order. I do not understand the law to be that the possession of the United States court so continued until the actual delivery to Daniels as would divest the state court of jurisdiction to enforce its process after the United States court had distinctly and positively determined that the property should be taken out of the litigation which was pending in that court, and be delivered to a third party. The order of the United States judge had been signed, entered, and was actually in the possession of the marshal. It operated instantly upon the property. The direction was forthwith to deliver it to

Daniels, and by the act of making that order and of delivering it to the marshal the court completely divested itself of possession, for the possession that it had was only under the process, and the process had been effectually removed from the property. Counsel for the moving party refers to the case of Bullis v. Montgomery, 50 N. Y. 352, in support of his contention that the actual possession of the property was not in Daniels, and it is argued that that case is in complete analogy with this on the subject of actual possession. But that case does not present the question which is now before the court. This writ of replevin under which the coroner claims to hold the property did not run altogether against Daniels. It was against McCarthy, the marshal, as well as against Daniels, and the requirement of the writ was to take the property from the possession of all of the defendants. The copy of the affidavit annexed to the moving papers states that the alleged cause of detention is that the defendant McCarthy claims to have a process against the property, and the defendants Lefavour and Daniels claim to be the owners of the said chattels, and the said defendant Sexton, the sheriff, claims to hold a levy on the said property. The writ itself is not before the court, but it appears from the affidavit that all the defendants are connected with the detention of the property, and hence the writ would go against all of them. The case, therefore, presented on these papers, is with respect to the possession of those parties who are the defendants in this action and in the writ, and that necessarily involves the possession of McCarthy, as marshal. Now, we find that, at the time this writ was executed, McCarthy's possession was one distinctly for the specific purpose of holding the property for a delivery to Daniels; and whether it was in his possession in this limited way, or whether his possession should be considered the possession of Daniels for the purposes of this motion, is immaterial. Upon the question of the property being so situated in the custody of the law as to prevent an execution of process issued from the state court against it, I am of the opinion that it was not protected from the levy of the coroner; that the effect of Judge Lacombe's order was to take it out of the custody of the court; and that thenceforth, in the possession of McCarthy or of Daniels, the effect of the order referred to was to render it subject to the process of the state court while in the hands of the defendants in this replevin suit, or of either of such defendants. This conclusion is reached in passing only upon those questions which have been raised on this motion, and which are specifically referred to in the order to show cause. There are others which possibly might have been raised, but I cannot consider anything more than the subjects specifically presented by the application now before the court. The motion to discharge the levy is denied, with $10 costs.